# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

**DENNIS RAY DAVIS, JR.**                    **CIVIL ACTION NO. 18-0988**

                                             **SECTION P**

**VS.**

                                             **JUDGE ELIZABETH E. FOOTE**

**1ST JUDICIAL DISTRICT COURT, ET AL.**      **MAG. JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

Plaintiff Dennis R. Davis, Jr., an inmate at Caddo Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on July 31, 2018, under 42 U.S.C. § 1983. He names the following Defendants: 1st Judicial District Court, Dorothy L. Oliver, Mike Spence, Dianne Doughty, Accurate Reporting of Shreveport, Inc., 2nd Circuit Court of Appeal, and Karen McGee.[1]

## Background

Plaintiff's Complaint is replete with legal jargon and conclusory, disjointed assertions. He alleges that he was convicted of a fourth driving while intoxicated ("DWI") charge on June 15, 2017, and that he was sentenced on September 28, 2017. He then recites a litany of improprieties and errors relating to his conviction:

(1) a court reporter from the First Judicial District Court refused to transcribe "the tapes" from his sentencing;

(2) he was falsely imprisoned and incarcerated without due process;

(3) he was subjected to double jeopardy;

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

(4) the District Attorney had a conflict of interest because he owed Plaintiff $50,000.00 for Plaintiff's work on a political campaign;

(5) the District Attorney is guilty of malfeasance;

(6) the District Attorney and others conspired to use Plaintiff as a political prisoner;

(7) the Second Circuit Court of Appeal refuses to review his appeal;

(8) the First Judicial District Court and the Second Circuit Court of Appeal are corrupt;

(9) he was denied bond; and

(10) the First Judicial District Court refuses to process his appeal.

Plaintiff also alleges that a jail official kidnaped him on August 3, 2016.  He seeks release from incarceration, $75,000,000.00 in lost wages and "past and future damages to all assets," and an order instructing the court reporter to "complete the record."

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

2

**2. Malicious and Frivolous Suit**

Plaintiff's action is subject to dismissal as malicious and frivolous.  "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."  *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).  Likewise, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d).").

Plaintiff's allegations here are substantially similar to, and arise from the same series of events as, allegations he raised in other closed and pending proceedings: *Dennis Ray Davis, Jr. v. Robert B. Whyce, et al.*, No. 18-0009 (W.D. La. 2018) (dismissing, *inter alia*, Plaintiff's claims of false imprisonment arising from his fourth DWI offense); *Dennis Ray Davis, Jr. v. Commissioner Caddo Parish, et al.,* No. 17-1269 (W.D. La. 2017) (reviewing Plaintiff's claims of false imprisonment, false arrest, entrapment, kidnaping, corruption, double jeopardy, denial of counsel, omissions by a clerk of court, failure to post bond, and other sundry improprieties arising from his prior convictions, including his fourth DWI conviction); *Dennis Ray Davis, Jr. v. Robert B. Wyche, et al.*, No. 17-1230 (W.D. La. 2017) (dismissing Plaintiff's claims, arising from his fourth DWI offense, that the District Attorney owed him $50,000.00, that he was falsely imprisoned, and that he was denied bond); *Dennis Ray Davis, Jr. v. Police Dept. of Shreveport,*

*et al.*, No. 17-0531 (W.D. La. 2017) (reviewing Plaintiff's allegations that, *inter alia*, the district attorney owes him $50,000.00 for campaign-related work, district attorneys illegally detained him, he was falsely imprisoned, a judge improperly placed a hold on him, he was given excessive bond, he is innocent, he was subjected to double jeopardy on his fourth DWI offense, he was slandered, and he was denied due process).

As the instant proceeding is duplicative, malicious, and frivolous, it should be dismissed[2] without prejudice to Plaintiff's right to prosecute the pending, duplicative proceedings.[3]

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Dennis Ray Davis, Jr.'s Complaint be **DISMISSED** as frivolous and malicious **WITHOUT PREJUDICE** to Plaintiff's right to prosecute the pending, duplicative proceedings.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

[2] That Plaintiff names additional defendants does not change the result. See *Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

[3] Because the companion suits remain pending, dismissal is without prejudice to Plaintiff's right to prosecute those proceedings. See *Pittman*, 980 F.2d at 995. The dismissal is otherwise with prejudice. See *Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016).

4

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of August, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE